# THE STATE v. GEORGE V. HALLIDAY, Appellant.

### Division Two, December 22, 1925.

1. **APPEAL: Transcript of Record Proper: Bill of Exceptions: Belated Filing.** Under the statute (Sec. 4107, R. S. 1919) requiring appeals from convictions of felonies, other than capital offenses, to be perfected within twelve months, a filing of a transcript of the record proper alone will not authorize a consideration of the bill of exceptions filed after the expiration of the twelve months, where the Attorney-General has filed a motion to dismiss. Only the record proper can be considered.

2. **INDICTMENT: Forgery.** An indictment charging the commission of the offense substantially in the language of the statute classifying and denouncing it, meets the requirements for a charge of the statutory crime.

Corpus Juris-Cyc. References: Criminal Law, 17 C. J., Section 3442, p. 159, n. 34, 35; Section 3528, p. 198, n. 70 New. Indictments and Informations, 31 C. J., Section 260, p. 709, n. 31.

Appeal from St. Louis City Circuit Court.—*Hon. V. H. Falkenhainer*, Judge.

AFFIRMED.

*Wayne Ely* for appellant.

*Robert W. Otto*, Attorney-General, and *J. Henry Caruthers*, Assistant Attorney-General, for respondent.

(1) The indictment is sufficient. Sec. 3436, R. S. 1919; State v. Bell, 212 Mo. 129. (2) No bill of exceptions having been filed herein only the record proper is before the court for review. (3) It appears from the record proper filed in this case that the defendant was charged and convicted on a valid indictment of the crime of forgery in the third degree. He was duly arraigned

and plead not guilty. After hearing the evidence and argument of counsel the jury returned their verdict of guilty of forgery in the third degree, as charged in the indictment, and assessed the defendant's punishment at five years in the penitentiary, which verdict is responsive to the charge. The court, after allowing allocution, duly passed judgment and sentence on the defendant in accordance with the verdict of the jury. The judgment and sentence of the lower court should be affirmed.

WALKER, P. J.—At the April term, 1923, of the Circuit Court of the City of St. Louis, the appellant and one Harry S. Turner were jointly indicted for forgery in the third degree. The defendants were arraigned, entered pleas of not guilty, were granted a severance, and the case against the appellant was continued until the October term, 1923. At that term the appellant was tried to a jury, found guilty, and his punishment assessed at imprisonment in the penitentiary for a term of five years.

I. From this judgment he was, on the 12th day of February, 1924, granted an appeal to the Supreme Court. On the 10th day of February, 1925, he filed in this court a transcript of the record proper. On March 30, 1925, the Attorney-General filed a motion to dismiss the appeal under Section 4107, Revised Statutes 1919, which has frequently been construed by this court, to the effect that appeals from convictions for felonies, other than those in which the defendant has been sentenced to death, shall be perfected within twelve months from the time the appeal was granted and that the same may, upon the motion of the Attorney-General, be dismissed, unless the appellant shows to the satisfaction of the court good cause for not perfecting his appeal.

*Untimely Appeal.*

Upon suggestions of the counsel for appellant as to the latter's insanity, subsequent to his conviction, this court overruled the motion to dismiss the appeal and continued the cause as shown by its record entry of April 9, 1925, as follows: "Now at this day it is considered·

and ordered by the court that the respondent's motion to dismiss the appeal herein be and the same is over-ruled; and it is further ordered by the court of its own motion that this cause be and the same is hereby continued to the October term, 1925." Upon the entry of this order the record status of the case was the same as before the filing of the motion to dismiss the appeal and so continued up to the time of the filing by the counsel for appellant of his brief herein. The effect of the continuance of the case was simply to give it a place upon the docket and a hearing upon such record as is before us, which, as we have indicated, is confined to the record proper. The time limit within which the appellant may, under Section 4107, supra, file a bill of exceptions having expired, it was necessary, to entitle the appellant to a hearing on the merits, that an application be made and granted authorizing the filing of a bill of exceptions. In the absence of such an order the clerk was within the legitimate exercise of his authority in refusing to file a bill if submitted for that purpose. The physical presence, therefore, of a transcript of the proceedings of the trial court in the absence of any order of this court permitting it to be filed, will not entitle it to be considered. This for the sufficient reason that it is no part of the records in the case and could only be so classified by some act of this court.

II.   The appellant, however, is entitled to a review of the record proper.

The indictment is drawn under Section 3426, Revised Statutes 1919, which denounces the offense of falsely making, attesting, forging or counterfeiting, with the intent to injure or defraud, any instrument of writing purporting to be the act of another by which any pecuniary demand or obligation shall be or purport to be transferred, created, increased, discharged or dismissed, etc. The offense defined by this statute is classified as forgery in the third degree. The indictment alleges the commission of the offense substantially in the language

of the statute and charges every element of same as defined therein. This meets the measure of the requirement of a charge of a statutory crime.

The record entries, which mark the course of the trial court in the conduct of this case, are in conformity with our procedure and afforded the defendant such a hearing as is accorded by the Constitution. There is no cause of complaint, therefore, in regard to the same. Finding no error warranting a reversal the judgment is affirmed. All concur.